## Morss *v.* Knapp *et al.*

(*Circuit Court. D. Connecticut.* August 17, 1889 )

PATENTS FOR INVENTIONS—INFRINGEMENT.
    Letters patent No. 233,240, dated October 12, 1880, were issued for an adjustable dress-form. The form was expanded by means of two opposing braces vertically sliding on a standard, and forming two sides of a triangle, which held the ribs in position. Defendants attached to two rotary collars the links of the lazy tongs, and divided the waistband into four sections, and made the ribs expand in four divisions. The braces in the patent are not merely extension braces, but converge to or towards the same point, and secure each other against rotation. Defendants' braces are extension, and not locking. braces, and are not intended to secure each other against rotation. *Held,* that there is such a substantial doubt in regard to any infringement by defendants that a preliminary injunction will not be granted.

In Equity.   Motion for preliminary injunction.
*Payson E. Tucker* and *Charles F. Perkins,* for complainant.
*John K. Beach,* for defendants.

SHIPMAN, J.   This is a motion for a preliminary injunction against the alleged infringement by the defendants of the second claim of letters patent No. 233,240, to John Hall, dated October 12, 1880, for an adjustable dress-form.   The invention, which is the subject of the second claim, and the claim, are stated in *Morss* v. *Knapp,* 37 Fed. Rep. 351, where it is said:

"The principle of the invention is the expansion or adjustment of a skeleton frame radially, in all directions, from a common center. A central pole, or standard, supports the entire form. In the part which supports the skirt, upright, thin, elastic ribs are held towards the standard by elastic bands secured to each rib. There are two series of oppositely inclined braces, one above the other. Those of the upper series are hung by their inner ends to a collar on the standard, and, extending obliquely downward, are hinged to the respective ribs. The braces of the lower series are hinged by their inner ends to a lower collar on the standard, and, extending obliquely upward, are hinged to the ribs at the point where the members of the upper series are hinged. The two collars, called 'sliding blocks,' are adjustable. When the form requires expansion, the lower collar is elevated, which expands the lower series, but the expansion is governed by the opposing action of the upper series, which compels the movement of the ribs to be substantially parallel with the central standard."

The mechanism is like that of the old-fashioned reel or "swift" for winding yarn.   The expanding mechanism of the defendants' form, which is alleged to infringe, is thus described:   It "consists of two concentric disks arranged upon a common axis, upon which they may independently rotate.   Outside of these disks there is a waistband divided into four segments, and each segment is connected with the disks by means of two links, one link from each segment being hinged to the upper disk, and the other link of each segment being hinged to the lower disk." When the dress-form is in a closed position, the most convenient way to expand it "is for the operator to take hold of two opposite segments of

the waistband and pull the same apart. This will cause the disks to rotate, one in one direction and one in the other, and the inner ends of the connecting links will move in the arc of a circle." It is truly said by the complainant that, within certain limits, the form is expanded radially, in all directions, from a common center. Beyond those limits, the expansion is not radial, but is attended with a change of shape. The complainant next—and here the parties are at issue—insists that the radial expansion is effected in the manner and by the mechanical means shown in the patent, and that each part of the defendants' form corresponds with a similar part in the patented device. The complainant particularly asserts that the links of the one are the double braces of the other, and oppose each other in action, and perform the same office of expansion or contraction, the difference being that in one the plane of action is horizontal and in the other it is vertical; in other words, that the defendants' links are the complainant's braces, with the position changed, so that they move by a horizontal instead of by a vertical movement, and that the defendants' collars slide circumferentially around the standard instead of vertically upon it. The complainant does not probably mean that the defendants' form is merely the Hall form with the position of the respective parts changed, without the exercise of inventive skill in making the change. The patentee caused the ribs to expand by the familiar means of two opposing braces vertically sliding upon a standard, and forming two sides of a triangle, which held the ribs in position. If the defendants had merely changed these braces to a horizontal plane, and merely changed the blocks so that they would move circumferentially, he would have had a useless device. It was necessary to do more, and to establish a new system of braces and blocks. Instead of using the common method by which the reel had been expanded, he attached to two rotating collars the links of the lazy tongs, divided the waistband with its ribs into four sections, and made the ribs to expand in four divisions. The requirements of this method of expansion demanded much more than a simple change from one plane of movement to another plane; and if it is said that the defendants' present form is the complainant's device with merely formal differences, such use of language is general, rather than exact. But it is said that, granting that the defendants used ingenuity and exercised inventive skill in making the change, they used, when it was made, the patentee's method of expansion by the opposing action of two more braces, and therefore infringed upon the complainant's exclusive rights. There is a species of opposing action, by means of the various links of the defendants' form, by which the four sections are prevented from becoming quadrilateral, but the question is, in my opinion, a serious one whether this method of opposition can properly be called the same with that which is exhibited in the patented device. The considerations which raise this doubt are the following: It cannot be true that any action by which the ribs are pulled in different directions is to be considered the opposing action of the Hall braces. In the patented device, the double braces co-act. They are not merely extension braces, which simply expand the ribs, but

they converge to or towards the same point, and, by this co-action, control or secure, and are intended to secure, each other against rotation. The defendants' links are extension, and not locking, braces. When they are extended, and the collars are clamped, the links, in the language of the defendants' expert, "rotate on their pivots," very much as they would do if parallel to each other, and it is apparent that they are not intended to secure each other against rotation. This mutual control, by means of opposed action, is necessary in a device acting vertically. It does not exist in the defendants' links, but the result is partially attained by an additional set of single supporting braces, which are attached about half way down the skirt. There is such a substantial doubt in regard to infringement as to prevent the granting of the motion, which is therefore denied.